IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP SILVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2046-O-BH |
| | § | |
| FRANKFORD CROSSING | § | |
| SHOPPING CENTER, TX, LP, | § | |
| | § | |
| Defendant. | § | |
| | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the *Order of Reference* dated October 1, 2012, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendant Frankford Crossing Shopping Center Dallas, Tx., L.P.'s Motion to Dismiss Or, In the Alternative, to Transfer Venue*, filed June 27, 2012 (doc. 3), and *Defendant Frankford Crossing Shopping Center Dallas, Tx., L.P.'s Motion to Abstain*, filed July 31, 2012 (doc. 7). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the motion to abstain should be **DENIED as moot**.

**I. BACKGROUND**

Phillip Silva (Plaintiff) sues Frankford Crossing Shopping Center Dallas, Tx, L.P. (Defendant) under the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.006 (West 2008). (*See* doc. 1-3.) Plaintiff is a resident citizen of Texas, and Defendant is a

limited partnership[1] organized under the laws of Delaware and having its principal place of business in New York. (Doc. 1 at 1.) Its offices are in Rochester, Monroe County, New York. (Doc. 3-1 at 3.)

On March 2, 2007, Defendant entered into a lease agreement (Lease) with Aquaesque, Inc. (AI) for premises located in a shopping center called Frankford Crossing in Dallas, Collin County, Texas. (Doc. 3-1 at 5-29.) The Lease designated Defendant as the owner and AI as the tenant. (*Id*. at 5.) Plaintiff signed the Lease as AI's president. (*Id*. at 29.) In addition, he executed a separate Lease Guaranty (Guaranty) in his individual capacity. (*Id*. at 30.)

The Lease included a provision entitled "Jurisdiction". It provided:

> Owner and Tenant agree that *any controversy* between them, pursuant to the Lease or otherwise, *must be determined in the state, county or city courts in which Owner's principal office is located* and Tenant specifically agrees to the jurisdiction of the state in which Owner's principal office is located that the laws of such state shall apply to any proceeding [sic].

(*Id*. at 14.) (emphasis added). The Guaranty, in turn, provided in relevant part:

> In consideration of leasing the space outlined [in the Lease] between Frankford Crossing Shopping Center Dallas, Tx. Limited Partnership . . . and Aquaesque . . . I, Phillip Silva (hereinafter called "Guarantor"), do hereby on behalf of itself, its successors, assigns, administrators and personal representatives . . . covenant and agree with the Owner as follows:
>
> (a)  that *the Guarantor, guarantees, unconditionally and absolutely, the full and faithful performance and observance of all the covenants, terms, and conditions of the Lease provided*, to be performed and observed by Tenant, expressly including, without being limited to, the payment, when due, of [rent] . . . .

(*Id*. at 30.) (emphasis added).

---

[1] Defendant's general partner is Frankford Crossing Shopping Center Dallas, TX General Partner (Frankford Crossing G.P.). (Doc. 3-1 at 3.) It is a Delaware corporation with its principal place of business in Rochester, New York. (*Id*.) Defendant has seven limited partners; they are citizens of California, Florida, New York and Maryland. (*Id*. at 3-4.)

Smooth Sailing, L.P. (SS), was substituted as tenant at a later date. (Docs. 3 at 1; 3-1 at 2.) On July 1, 2010, Defendant, SS[2] and Plaintiff executed a Second Amendment to Lease and Amendment to Guaranty (Amendment). (Docs. 3 at 1; 3-1 at 31-33.)

On February 23, 2011, by means of a contract styled "Assignment, Assumption and Amendment of Lease (Assignment)", SS assigned the Lease to Pho Partners, LLC (Pho) with Defendant's assent. (Doc. 3-1 at 34-36.) Plaintiff executed the Assignment on behalf of both SS and Pho,[3] and in his individual capacity as guarantor. (*Id*. at 35-36.) The Assignment included the following provision: "AMENDMENT TO LEASE: Assignor, Assignee, Guarantor and Owner all hereby agree that the Lease is amended as follows: . . . 3. *All provisions of the Lease and Guaranty not amended hereby are hereby ratified and affirmed by* Owner, Tenant and *Guarantor*." (*Id*. at 34.) (emphasis added).

On May 29, 2012, Pho gave notice to Defendant of its intent to vacate the leased premises. (Doc. 1-3 at 8.) At that time, Plaintiff offered to pay $119,067.48 to Defendant in full satisfaction of any claim Defendant might have against him pursuant to the Guaranty.[4] (*Id*.) The following day, May 30, 2012, Plaintiff sued Defendant in Texas state court. (*Id*. at 6-9.) He sought a declaratory judgment that neither AI, SS, nor Pho committed a material default of the Lease before Pho gave its notice to vacate, that his liability under the Guaranty is limited to the sum of $119,067.48, and that he is entitled to a rebate for any benefit gained by Defendant by mitigation and re-leasing the

---

[2] Plaintiff signed on behalf of SS as its president. (Doc. 3-1 at 32.)

[3] Plaintiff signed on behalf of Pho as its manager. (Doc. 3-1 at 35.)

[4] Plaintiff maintains that this sum is the amount due and owing under the Amendment because the Lease was in effect for more than twenty-four months, and that Pho did not commit a material breach of the lease prior to giving notice. (Doc. 1-3 at 8.) Defendant contends that Pho *did* default under the Lease, it failed to cure its default, and Plaintiff is therefore liable for the full amount due from Pho under the Amendment. (Doc. 3 at 2.)

property covered by the Lease. (*Id.*)

Defendant removed the action to federal court on June 27, 2012, pursuant to 28 U.S.C. §§ 1441 and 1446. It alleges that the Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy in excess of 75,000, exclusive of interest and costs. (Doc. 1 at 1-2.) Defendant now moves to dismiss pursuant to 28 U.S.C. § 1406, and in the alternative, to transfer venue. (*See* doc. 3.) It also moves the Court to abstain from hearing the case in favor of a state-court action pending in New York.[5] (*See* doc. 7.) The motions have been fully briefed and are ripe for decision.

## II. MOTION TO DISMISS

Defendant moves to dismiss for improper venue under 28 U.S.C. § 1406(a) based on a forum selection provision in the Lease. (*See* doc. 3.)

**A.     Applicable Legal Standard**

Section 1406(a) grants courts discretionary authority to either dismiss cases filed in the wrong division or district or to transfer them to an appropriate division or district, but only if it is in the interest of justice to make such a transfer. However, where venue is alleged to be improper under § 1406(a) based on a contractual forum selection provision that

> designates an arbitral, foreign, or state court forum , a district court does not have the option of transferring the case to the designated forum because [the statute] only allow[s] for transfer within the federal system. Because dismissal is the only available option for the district court in those cases, dismissal is the proper remedy.

*In re Atl. Marine Constr. Co., Inc.*, 701 F.3d 736, 740 (5th Cir. 2012), *petition for cert. filed*, (Jan. 25, 2013) (No. 12-929); *see also Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th

---

[5] Defendant sued Plaintiff, SS and Pho in New York state court on June 4, 2012. (Doc. 8-3 at 1.) The case was removed to the United States District Court, Western District of New York, on August 8, 2012. (*Id.*)

4

Cir. 1996). For this reason, Rule 12(b)(3) provides the applicable legal standard for motions to dismiss under § 1406(a). *See In re Atl. Marine Constr. Co., Inc.*, 701 F.3d at 740 (applying Rule 12(b)(3) standard to motion under § 1406(a)); *Terraspan, LLC v Rave, LLC*, No. 3:12-CV-0816-K, 2012 WL 6115721, at *3 (N.D. Tex. Dec. 10, 2012) (citing *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901-02 (5th Cir. 2005)).

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam); *Jones v. Medisurge Solutions, Ltd.*, No. 3:08-CV-054-O, 2008 WL 7863657, at *3 (N.D. Tex. Sept. 30, 2008). In deciding a motion to dismiss for lack of proper venue, the court may consider extrinsic evidence. *MaxEn Capital, LLC v. Sutherland*, No. H-08-3590, 2009 WL 936895, at *3 (S.D. Tex. Apr. 3, 2009); *Tinsley v. Comm'r*, No. 3:96-CV-1769-P, 1998 WL 59481, at *2 (N.D. Tex. Feb. 9, 1998) ("[M]otions to dismiss for improper venue under 12(b)(3) are generally resolved through submission of affidavits and declarations and discovery materials.") Although the Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, most district courts within the circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum. *See Inst. for Creation Research Graduate Sch. v. Paredes*, No. 3:09-CV-0693-B, 2009 WL 43333366, at *2 (N.D. Tex. Dec. 1, 2009) (citing cases); *Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, No. 3:09-CV-0605-D, 2009 WL 3645094, at *10 (N.D. Tex. Nov. 2, 2009).

**B.    Forum Selection Agreement**

A plaintiff is ordinarily permitted to choose his forum. *Peteet v. Dow Chem. Co.*, 868 F.2d

5

1428, 1436 (5th Cir. 1989). However, parties to a written contract may elect to designate the forum in which disputes arising out of their agreement will be adjudicated. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (Kennedy, J., concurring). Forum selection clauses are presumed valid, and the party seeking avoidance bears a "'heavy burden of proof.'" *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)). A forum selection clause may only be set aside upon a showing that it is unreasonable. *Kevlin Servs., Inc. v. Lexingston State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). In determining whether a forum-selection clause is enforceable, federal law applies. *See Haynsworth*, 121 F.3d at 962; *Walker v. Inter-Ams. Ins. Corp., Inc.*, No. 7:03-CV-222-R, 2004 WL 1620790, at *4 (N.D. Tex. July 19, 2004).

### 1. Mandatory Forum Selection Clause

A forum selection clause may be either mandatory or permissive. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Only a mandatory forum selection provision is enforceable. *Id.* ("A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another."). A provision is mandatory when it clearly shows the "parties' intent to make [the forum] exclusive." *Id.*

Here, the forum selection clause provides that "any controversy . . . pursuant to the Lease or otherwise, *must* be determined in the state, county or city courts in which Owner's principal office is located." (Doc. 3-1 at 14.) (emphasis added). Other district courts in Texas have interpreted the word "must" as mandatory in nature. *See Bancroft Life & Cas. ICC, Ltd. v. FFD Resources II, LLC*, No. H-11-2384, 2012 WL 3185965, at *9 n. 16 (S.D. Tex. Aug. 2, 2012) (finding a forum selection

6

clause mandatory where it required that all litigation "must be conducted" in St. Lucia); *Wolfe v. CareFirst of Maryland, Inc.*, No. 4:09-CV-492, 2010 WL 1998290, at *4 (E.D. Tex. Apr. 27, 2010) (finding that a venue provision was mandatory where it provided that action "will be brought" in Maryland), *adopted by* 2010 WL 1998222 (May 18, 2010); *see also Siko Ventures Ltd. v. Argyll Equities, LLC*, No. SA-05-CA-100-OG, 2005 WL 2233205, at *4 (W.D. Tex. Aug. 5, 2005) ("[M]any courts finding forum selection clauses mandatory have done so because of express language of limitation, such as 'only' or 'must' bestowing exclusive jurisdiction or venue on a court of a specific locale.").

Defendant's principal office is located in Rochester, Monroe County, New York. The forum selection clause in this case clearly expresses an intent to limit the forum for any lawsuit "pursuant to the Lease or otherwise" to the state courts of New York. The provision is mandatory.

### 2. Incorporation By Reference

Defendant contends that the forum selection provision in the Lease was incorporated by reference in the Guaranty between Plaintiff and Defendant, and that Plaintiff is therefore bound by the forum selection clause contained in the Lease. (Doc. 3 at 2-3.) Plaintiff responds that the Guaranty contains no forum selection provision. He also maintains that the forum selection agreement is between the owner and tenant, and that because he is neither the owner nor the tenant, the clause does not apply to him. Plaintiff also contends that he is not a signatory to the Lease since he signed the Lease solely in a representative capacity, i.e., as a corporate officer of AI. (Doc. 5 at 2-3.)

An agreement is enforceable against a nonsignatory "only if the nonsignatory is bound by that agreement under recognized contract or agency principles. *Med-Im Dev., Inc. v. Gen. Elec.*

7

*Capital Corp.*, No. H-07-1618, 2008 WL 901489, at *4 (S.D. Tex. Mar. 31, 2008) (citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003)). The Fifth Circuit has enumerated six possible theories by which a nonsignatory may be bound to a forum selection provision: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; 5) estoppel; and 6) third-party beneficiary." *See Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006) (in the context of a forum selection provision); *Bridas*, 345 F.3d at 356 (in the context of an arbitration agreement). Here, Defendant relies solely on the theory of incorporation by reference.

A nonsignatory may be bound by a written provision that is not included in an agreement to which it is a party if that provision has been incorporated by reference. *See Hellenic Invest. Fund, Inc.*, 464 F.3d at 517; *Oceanconnect.com, Inc. v. Chemoil Corp.*, No. H-07-1053, 2008 WL 194360, at *10 (S.D. Tex. Jan. 23, 2008). Ordinarily, "[t]he language used is not important provided the document signed by the [party sought to be charged] plainly refers to another writing." *Oceanconnect.com, Inc.*, 2008 WL 194360, at *11 (quoting *Jureczki v. Banc One Texas, N.A.*, 252 F. Supp.2d 368, 373 (S.D. Tex. 2003) (internal quotation marks and citations omitted), *aff'd*, 75 F. App'x 272 (5th Cir. 2003)).

Here, Plaintiff is a signatory to the Guaranty. Although the Guaranty itself did not include a forum selection provision, it explicitly embraced "all the covenants, terms, and conditions of the Lease." The forum selection provision was undisputedly part of the Lease. Furthermore, the final document that Plaintiff executed–the Assignment–included the following provision: "Assignor, Assignee, *Guarantor*, and Owner all hereby agree that the Lease is amended as follows: . . . All provisions of the *Lease and Guaranty* not amended hereby are hereby *ratified and affirmed* by

8

Owner, Tenant and *Guarantor*." The forum selection provision contained in the Lease was not one of the lease provisions affected by the Assignment. Accordingly, by assenting to the Assignment, Plaintiff expressly approved the forum selection provision. Because the Guaranty and the Assignment incorporated the terms of the Lease, including the forum selection clause, Plaintiff is bound by the provision..

      **3.**      **Fairness of Forum Selection Provision**

As discussed above, a forum selection clause may only be set aside upon a showing that it is unreasonable. *Kevlin Servs., Inc.*, 46 F.3d at 15. A provision is unreasonable where there is evidence that: (1) it is the product of fraud or overreaching; (2) it violates a strong public policy of the forum; (3) enforcement of the clause effectively deprives [the party] of his day in court; or (4) the fundamental unfairness of the chosen law will deprive [the party] of a remedy. *Haynsworth*, 121 F.3d at 963. A claim of fraud or overreaching must pertain specifically to the forum selection clause. *Id*. The party seeking avoidance bears a "'heavy burden of proof.'" *Ginter ex rel. Ballard*, 536 F.3d at 441 (quoting *Haynsworth*, 121 F.3d at 963).

Here, Plaintiff has not met the heavy burden of demonstrating that the forum selection provision is unreasonable. He has offered no evidence that the clause is the product of fraud or overreaching, nor that it violates a strong public policy of the forum. Although Plaintiff testified by affidavit that he suffers from a medical condition that makes air travel difficult, the record contains no medical evidence to support a finding that requiring him to litigate his claim in New York would effectively deprive him of his day in court. *See Rimkus Consulting Grp., Inc. v. Rault Res., Inc.*, No. H-07-1494, 2008 WL 901483, at *7 (S.D. Tex. Mar. 31, 2008) ("[M]edical problems or physical disabilities must be extremely severe and generally accompanied by financial hardship to warrant

9

a finding that it would be unreasonable to enforce a forum-selection clause."); *Mann v. Auto. Prot. Corp.*, 777 F. Supp.2d 1234, 1241 (D.N.M. 2011) (enforcing venue provision despite plaintiff's poor health because he failed to prove that having to litigate in Georgia would foreclose a remedy); *Levesque v. Trans Union, LLC*, No. 2:09-CV-01393-RLH-LRL, 2010 WL 3522264, at *3 (D. Nev. Sept. 1, 2010) (enforcing forum selection clause where plaintiff failed to submit medical evidence to support his claim that it was impossible for him to litigate in the parties' chosen forum). Finally, Plaintiff has not shown that the chosen law is so fundamentally unfair as to deprive him of a remedy. The forum selection clause is valid and enforceable.[6]

The forum selection provision provides that controversies between the parties "must be determined in the state, county or city courts in which Owner's principal office is located," e.g., the state courts of New York. (Doc. 3-1 at 14.) Therefore, the only proper remedy is dismissal pursuant to Rule 12(b)(3). *In re Atl. Marine Constr. Co., Inc.*, 701 F.3d at 740; *Int'l Software Sys., Inc.*, 77 F.3d at 114-15. Plaintiff's motion to dismiss should be granted.

### III. MOTIONS TO TRANSFER AND TO ABSTAIN

Defendant moves, in the alternative, for a transfer pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). (*See* doc. 3.) It also moves for abstention in favor of pending state-court litigation in New York. (*See* doc. 7.) Because the Court is recommending dismissal, it is unnecessary to consider Defendant's alternative motion to transfer, and the motion to abstain should be denied as moot.

### IV. RECOMMENDATION

The motion to dismiss should be **GRANTED,** and the case should be **DISMISSED without**

---

[6] Courts ordinarily also consider "whether the clause applies to the type of claims asserted in the lawsuit." *Braspetro Oil Services Co. v. Modec (USA), Inc.,* 240 F. App'x 612, 616 (5th Cir. 2007) (per curiam) (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997)). Because Plaintiff does not contend that his claims fall outside the scope of the forum selection provision, it is unnecessary to address this issue.

**prejudice**. The motion to abstain should be **DENIED as moot**

SO **RECOMMENDED**, this 22nd day of February, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE