IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKFORD CROSSING<br>SHOPPING CENTER, TX, LP,<br><br>    Defendant. | §§§§§§§§§§§§§§    Civil Action No. 3:12-cv-2046-O |

**ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (ECF No. 10). Plaintiff filed objections (ECF No. 11) and Defendant filed a response (ECF No. 12). The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

Specifically, Plaintiff objected to the Magistrate Judge's conclusion that the Forum Selection Provision in this case is mandatory, rather than permissive. *See* Objection 3, ECF No. 11. Plaintiff contends that the Magistrate Judge erroneously relied on other district court decisions that are distinguishable from the instance case because each provision provided for a forum in a specific geographical location. *Id.* at 5. Plaintiff contends that "[t]he fact that no specific geographical forum

is identified and the location of the forum is subject to change renders the provision ambiguous." *Id.* Further, Plaintiff contends, "since the forum selection provision is ambiguous, it should be construed against Defendant as the drafter of the lease." *Id.* at 6.

The Court finds Plaintiff's argument unavailing. The forum-selection provision of the Lease specifies: "any controversy . . . must be determined in the state, county or city courts in which Owner's principal office is located." Def.'s App. Supp. Mot. Dismiss Ex. 1 (Vassello Aff. Ex. A (Lease § 22.08)), at App. 14, ECF No. 3-1. The first paragraph of the Lease states that the Defendant's "principal office [is] located at 270 Commerce Drive, Rochester, New York 14623." *Id.* at App. 4. Because the Lease itself provides the location of the Owner's principal office, there is no ambiguity. *See Tittle v. Enron Corp.*, 463 F.3d 410, 419 (5th Cir. 2006) (explaining that when courts construe a contract, it should "examine and consider the entire writing" and "all the provisions must be considered with reference to the whole instrument" (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983))). Accordingly, the location of the forum is not ambiguous and the Magistrate Judge did not err in determining that the forum selection provision is mandatory. Based on this finding, the Magistrate Judge properly concluded that this action should be dismissed under § 1406(a).

Based on the foregoing, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge should be and are hereby **ACCEPTED** as the findings and conclusions of this Court. Therefore, Defendant Frankford Crossing Shopping Center Dallas, Tx., L.P.'s Motion to Dismiss (ECF No. 3), filed June 27, 2012, is **GRANTED**, and its Motion to Abstain (ECF No. 7), filed July 31, 2012, is **DENIED as moot**. By separate judgment, all claims against Frankford Crossing Shopping Center Dallas, Tx., L.P., will be dismissed without prejudice.

**SO ORDERED** on this **28th day** of **March, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**